UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D'ANDRE LAMPKINS,

    Defendant.

Case No. 93-cr-40050-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant D'Andre Lampkins' prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for the defendant, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Docs. 191 & 192). *See Anders v. California*, 386 U.S. 738, 744 (1967). The defendant has responded to counsel's motion with a *pro se* motion for a reduction (Doc. 193) and a *bona fide* response to counsel's motion (Doc. 195). The government has not responded to the motion although it was given an opportunity to do so.

Lampkins was found guilty by a jury of one count of conspiracy to distribute crack cocaine. At sentencing, the Court adopted, over Lampkins' objection, the presentence investigation report's relevant conduct finding of approximately 1.1 kilograms of crack cocaine, *see* PSR ¶ 12, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 36. His offense level was increased by 3 points under U.S.S.G. § 3B1.1(b) because Lampkins was a manager or

---

[1]Unless otherwise noted, the references to the U.S.S.G. in this order are to the 1993 version.

supervisor of criminal activity involving five or more participants. This established a total offense level of 39 which, considering Lampkins' criminal history category of IV, yielded a sentencing range of 360 months to life in prison. The Court imposed a sentence of 360 months.

In 2009, the Court reduced Lampkins' sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendments 706 and 711, which lowered by two points the base offense levels associated with various amounts of crack cocaine. Lampkins' base offense level was recalculated at 34, rendering a total offense level of 37. Considering his criminal history of IV, this yielded a sentencing range of 292 to 365 months. The Court reduced his sentence to 292 months.

Lampkins now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence even further. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction

request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for Lampkins because he cannot satisfy the first criterion.  Lampkins was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Under Amendment 750, the base offense level for 1.1 kilograms of crack cocaine, Lampkins' relevant conduct, is 34, exactly what Lampkins' base offense level was before Amendment 750 became effective.  Thus, Lampkins' total offense level – and his sentencing range – was the same before and after Amendment 750.

Lampkins argues that because the Court originally found his relevant conduct to fall within the category of "at least 500 grams but less than 1.5 kilogram of cocaine base," he should be given the benefit of the doubt that his relevant conduct was only 500 grams.  If his relevant conduct were only 500 grams, under Amendment 750 his base offense level would be 32, his total offense level would be 35, and his sentencing range would be 235 to 293 months in prison.  This argument may have had some merit had the PSR not explicitly listed the amounts of crack cocaine attributable to Lampkins as relevant conduct and had the Court not explicitly adopted the PSR.  However, the Court adopted the PSR which set forth approximately 1.1 kilograms of crack cocaine countable towards Lampkins' relevant conduct.  Lampkins is essentially asking the Court to make a new relevant conduct finding that is inconsistent with its original finding, which 18 U.S.C. § 3582(c)(2) does not permit the Court to do.  *See United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010) ("[T]he district court may not make factual findings that are inconsistent with those made during the original sentencing," although "nothing prevents the

court from making new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination."); *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009).

Because Lampkins cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request. *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 191 & 192) and **DISMISSES** Lampkins' motion for a sentence reduction (Doc. 193) for **lack of jurisdiction**.

The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to defendant D'Andre Lampkins, Reg. No. 02896-025, USP Lompoc, U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA 93436.

**IT IS SO ORDERED.**
**DATED: January 17, 2012**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**